**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KENT DYER and SUSAN DYER, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>JASON NAPIER and DANIELLE NAPIER, husband and wife; NAPIER SCULPTURE GALLERY, INC., a Washington corporation,<br><br>    Defendants. | No. CIV04-0408 PHX SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Defendants' Motion for Partial Summary Judgment [Doc. No. 38]. After considering the arguments raised by the parties in their briefs, the Court now issues the following Memorandum of Decision and Order.

**BACKGROUND**

Plaintiff Kent Dyer is a wildlife photographer who took a photograph entitled "Mother Mountain Lion with Baby in Mouth" (the "Dyer Photograph") which was first published on June 4, 1997. Plaintiffs subsequently sought copyright protection for this photograph and on June 3, 2002, the U.S. Copyright Registration, VA 1-180-536, became effective. On August 21, 2001, Defendant Jason Napier, an artist who creates bronze sculptures, sold a monument size sculpture entitled "Precious Cargo" (the "Sculpture") that Plaintiffs contend is an illegal infringement of the Dyer Photograph copyright.

The parties engaged in discussions about Plaintiffs granting Defendants permission to use the Dyer Photograph, however, such discussions were unsuccessful and on February 26, 2004, Plaintiffs filed a Complaint alleging Defendants engaged in copyright infringement of the Dyer Photograph and seeking statutory damages and attorney's fees pursuant to 17 U.S.C. §§ 504(c) and 505. Defendants, however, continued to sell both "monument" and "maquette" versions of the Sculpture until April 19, 2004, when the Court issued a Preliminary Injunction [Doc. No. 11] based on the stipulation of the parties.

On July 26, 2005, Defendants filed a Motion for Partial Summary Judgment [Doc. No. 38] arguing that 17 U.S.C. § 412(2) bars Plaintiffs from recovering statutory damages and attorney's fees for both: (1) any alleged acts of infringement occurring *after* publication and *before* copyright registration of Plaintiffs' work and (2) any alleged acts of infringement occurring *after* Plaintiffs obtained a copyright registration for its work.

**STANDARD OF REVIEW**

Upon motion at any time, a party defending against a claim may move for "partial summary judgment," that is, "summary judgment in the party's favor as to. . .any part thereof." FED. R. CIV.P.56(b).  A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive law determines which facts are material.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.  The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove the matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 317. The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but. . .must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

**DISCUSSION**

The Court finds the following facts are undisputed:1) the Dyer Photograph was first published on June 4, 1997; 2) the effective date of registration of the Dyer Photograph is June 3, 2002; and 3) the date of Defendants' alleged first infringement occurred in August, 2001. Furthermore, Plaintiffs concede that under 17 U.S.C. § 412(2) ("Section 412") they are not eligible for statutory damages and attorney's fees for acts of alleged copyright infringement that occurred prior to the registration. The Court, however, must still determine whether Plaintiffs have put forth sufficient evidence to create an issue of fact as to whether they can recover statutory damages and attorney's fees for the alleged acts of copyright infringement that occurred after the registration should the jury find that Defendants did in fact infringe upon Plaintiffs' copyright.

Section 412 provides in relevant part:

> In any action under [the Copyright Act]. . .no award of statutory damages or of attorney's fees, as provided by §§ 504 and 505 shall be made for. . .any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. 17 U.S.C. § 412(2).

Defendants argue that because the alleged act of infringement took place in August 2001, before the effective date of registration and more than three months after the date of publication, Plaintiffs are barred from recovering statutory damages and attorney's fees under Section 412 because any subsequent sales of the Sculpture are merely continuous and ongoing acts of the initial infringement.  Plaintiffs, however, contend that any subsequent sales that occurred after the registration constitute "new" or "separate" acts of infringement for which they are entitled to attorney's fees and costs. See  Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc. 832 F.Supp. 1378, 1393 (C.D.Cal. 1993) (recognizing an exception to Section 412 where there is a difference between the pre and post registration infringing activities).  Accordingly, the precise issue before the Court is whether Defendants' sculpture sales after the registration were ongoing acts of the initial alleged infringement or were separate and distinct new acts of alleged infringement.

The Ninth Circuit Court of Appeals has not addressed the precise issue before the Court; however, the Sixth Circuit Court of Appeals and several district courts have addressed the applicability of Section 412 in similar circumstances. In interpreting Section 412 and specifically the meaning of the pertinent phrase "any infringement of copyright commenced," the Sixth Circuit has found that every court that has considered the question has found "that infringement commences for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." Johnson v. Jones, 149 F.3d 494, 506 (6th Cir. 1998) (citing Ez-Tix, Inc. v. Hit-Tix, Inc., 919 F.Supp. 728, 736 (S.D. N.Y. 1996); Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc. 832 F.Supp. 1378, 1393 (C.D.Cal. 1993); Mason v. Montgomery Data, Inc., 741 F.Supp. 1282, 1286 (S.D. Tex. 1990), *rev'd on other grounds*, 967 F.2d 135 (5th Cir. 1992); Singh v. Famous Overseas, Inc., 680 F.Supp. 533, 536 (E.D.N.Y. 1988); Johnson v. University of Virginia, 606 F.Supp. 321, 325 (D. Va 1985); and Whelan Assocs. v. Jaslow Dental Lab, Inc., 609 F.Supp. 1325 (E.D. Pa 1985)).  In Parfums Givenchy, the district court has also found that the statutory intent of 17 U.S.C. § 412 was to impose an obligation on Plaintiffs to copyright their work in a timely manner and found that inclusion of the word "commenced" in Section 412 is indicative of Congress's desire to

1 cover activity that commences at one time and continues or recurs thereafter. Parfums
2 Givenchy, 832 F.Supp. at 1394;  See also Singh, 680 F.Supp. at 536 (reasoning that
3 Congress, deeming registration useful and important, sought some practical means of
4 inducing it and therefore chose to deny the "extraordinary" remedies of statutory damages
5 and attorney's fees where registration is not promptly made.)

6 Additionally, the court in Parfums Givenchy found that 17 U.S.C. § 412 (2) bars a
7 copyright owner from recovering statutory damages or attorney's fees for copyright
8 infringement where the defendant continued to import batches of a product they were
9 accused of copying. Parfums Givenchy, 832 F.Supp. at 1393-95. In fact, the district court
10 expressly rejected the plaintiff's argument that because the defendant had imported the
11 product on several distinct occasions each act of importing the product constituted a separate
12 and distinct act of infringement and reasoned that the first act of infringement in a series of
13 ongoing separate infringements constitutes or creates one continuing infringement. Id.

14 Like the plaintiff in Parfums Givenchy, here Plaintiffs allege that each time
15 Defendants sold a Sculpture after the registration was effective, Defendants engaged in a
16 separate and distinct act of infringement. The Court, however, finds the alleged infringing
17 activity (i.e. Defendant Napier creating a Sculpture based on the Dyer Photograph)
18 commenced well before the Plaintiffs registered their copyright. The Court also finds that
19 all of the subsequent Sculptures that were sold were altered versions of the alleged initial act
20 of infringement. Accordingly, the Court finds that Defendants subsequent sales of
21 customized sculptures constitute ongoing and continuous acts of the initial alleged
22 infringement.

23 Plaintiffs contend, however, that Defendants production of the Sculptures is far
24 from an assembly line procedure and that Defendants engaged in sufficient
25 "customization" of the Sculptures to distinguish the pre and post registration sales thereby
26 entitling Plaintiffs to statutory damages and attorney's fees under Sections 504(c) and
27 505, respectively. In support of this contention, Plaintiffs have put forth evidence that
Defendants created customized sculptures of varying sizes that were sold for varying

1 prices. This evidence indicates that Defendants have sold both large and small statutes,
2 added different size pedestals to the Sculptures and in one case followed instructions to
3 make a Sculpture "shiny."

4 The Court, however, finds that even when this evidence is viewed in the light most
5 favorable to Plaintiffs (as is required in this procedural context), the act of customizing
6 the original Sculpture is analogous to the defendant in Whelan improving the initial
7 computer program. In Whelan, the Court specifically recognized that the subsequent
8 sales involved computer programs that had been improved and were therefore not
9 identical to the original allegedly infringing program, but still found that the subsequent
10 sales of the improved computer programs were ongoing and continuous acts of the
11 original infringement. Whelan, 609 F.Supp. at 1331. Like the court in Whelan, this
12 Court also finds that any subsequent sales of the Sculpture were ongoing and continuous
13 acts of the initial alleged infringement because Plaintiffs have not put forth sufficient
14 evidence to raise an issue of fact as to whether the alleged post-registration acts of
15 infringement were different from the alleged pre-registration acts of infringement.

16 The Court also notes that by waiting almost five years to register their work,
17 Plaintiffs have exhibited precisely the type of behavior Congress has attempted to prevent
18 by denying statutory damages or attorney's fees in cases where there is untimely
19 registration. See Parfums Givenchy, 832 F.Supp. at 1394-95.

## CONCLUSION

21 The Court finds that Plaintiffs have not put forth sufficient evidence to raise an issue
22 of fact as to whether the alleged post-registration acts of infringement were different from
23 the alleged pre-registration act of infringement. Thus, the Court finds that any subsequent
24 sales of the Sculpture were ongoing and continuous acts of the initial alleged infringement
25 and Plaintiffs are barred from recovering statutory damages or attorney's fees by 17 U.S.C.
26 § 412(2) as a matter of law because the alleged infringement commenced more than three
27

1 months after the initial publication of the copyrighted material and well before Plaintiffs
2 registered its copyright.[1] Accordingly,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment [Doc. No. 38] is **GRANTED**.

DATED this 16th day of March, 2006.

_____
Stephen M. McNamee
Chief United States District Judge

---

[1] The Court notes that it makes no findings as to actual damages or profits to which Plaintiffs may establish they are entitled. See Johnson, 149 F.3d at 506-07 (recognizing that the plaintiff was entitled to gross revenues minus proven expenses after finding Section 412 barred the recovery of statutory damages and attorney's fees); Whelan, 609 F.Supp. at 1331 (recognizing that a plaintiff is still entitled to recover actual "proved" damages even where the court found that statutory damages and attorney's fees were barred by Section 412).